ORIGINAL

Anna Y. Park, Regional Attorney
Michael J. Farrell, Supervisory Trial
Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile:  (213) 894-1301
Email: lado.legal@eeoc.gov

Gregory L. McClinton, Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
300 Ala Moana Boulevard, Suite 7-127
Honolulu, Hawaii 96850
Telephone: (808)541-3122
Facsimile: (808)541-3390
Email:  Gregory.McClinton@eeoc.gov

Attorneys for Plaintiff
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 30 2009

at ___ o'clock and ___ ___ M.
SUE BEITIA, CLERK

## UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>KMART CORPORATION; and Does 1-10 Inclusive.<br><br>Defendant. | Case No. CV- CV09-00300 SOM BMK<br><br>COMPLAINT CIVIL RIGHTS EMPLOYMENT DISCRIMINATION; SUMMONS<br><br>JURY TRIAL DEMAND<br><br>29 U.S.C. § 621 *et seq.* |

## NATURE OF THE ACTION

This is an employment discrimination action brought by the United States

Equal Employment Opportunity Commission (the "EEOC" or the "Commission")

1

under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 et seq., (the "ADEA"), to correct unlawful employment practices on the basis of age and retaliation and to provide appropriate relief to the Charging Party, Conchita Cachero ("Charging Party" or "Cachero"). The Commission alleges that Defendants Kmart Corporation and Does 1-10 (collectively referred to herein as "Defendants" or "Defendant Employers") subjected Cachero to unwelcome age-based harassment which was sufficiently severe and pervasive to adversely affect the terms and conditions of her employment and create a hostile work environment. The hostile work environment rendered Cachero's working conditions so intolerable that she was forced to resign her position. The Commission further alleges that Defendants unlawfully retaliated against Cachero for her opposition to the hostile work environment and her participation in the EEOC's process of filing a charge of discrimination.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. sections 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to section 7(b) of the ADEA, 29 U.S.C. § 626(b), which incorporates by reference sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 216(c) and 217 (the "FLSA").

2.    The employment practices alleged herein to be unlawful were committed within the jurisdiction of the United States District Court for the District of Hawaii.

PARTIES

3.    Plaintiff Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781 and by Public Law 98-532 (1984) 98 Stat. 2705.

4.    At all relevant times, Defendant Kmart Corporation has continuously been a Michigan corporation doing business in the County of Honolulu in the state of Hawaii and has continuously had at least 20 employees.  It is further alleged on information and belief that in or about November of 2004 Defendant Kmart Corporation became a wholly owned subsidiary of Sears Holding Corporation.

5.    At all relevant times, Defendant Kmart Corporation has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

6.    Plaintiff is ignorant of the true names and capacities of each Defendant sued as DOES 1 through 10, inclusive, and therefore Plaintiff sues said

3

Defendant(s) by such fictitious names.  Plaintiff reserves the right to amend the Complaint to name each DOE Defendant individually or collectively as they become known.  Plaintiff alleges that each of the Defendants named as a DOE was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the Complaint to allege such responsibility when same shall have been ascertained by Plaintiff.

7.     All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or under the direction and control of the others, except as specifically alleged otherwise.  Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by other Defendants complained of herein.  Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly and/or severally.

CONCILIATION

8.     Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).  All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

9.     Since at least in or about 2002, Defendant Employers have engaged in unlawful employment practices at their facility in Honolulu, Hawaii in violation of the ADEA, 29 U.S.C. § 623(a) and (d).

10.     Cachero was hired by Defendant Employers on or about February 21, 2001 as a Pharmacist.  She began reporting to Pharmacy Manager Liang Rasachak in 2002.  During Cachero's employment with Defendants she performed her job duties in a satisfactory manner.

11.     During Cachero's employment with the Defendants she was subjected to age-based harassment by Defendants' Manager which was unwelcome and sufficiently severe and pervasive to adversely affect the terms and conditions of her employment and create a hostile, abusive work environment.  The harassment

included, but was not limited to, Cachero's Manager stating that she was "too old," that she "should just retire," calling her "incompetent" and stating that she was being "greedy" for continuing to work at seventy (70) years of age. The harassing conduct also included Defendants' Pharmacy Manager making an entry in the Pharmacy's log book stating, "You need to retire from pharmacy work now." In addition, Pharmacy Manager Rasachak subjected Cachero to unfavorable work schedules in a further effort to get her to retire because of her age.

12.    Cachero complained of the harassing conduct to Defendant Employers. However the Defendants failed to take effective, remedial action. The harassing conduct continued and rendered Cachero's working conditions so intolerable that she was forced to resign.

13.    In or about January of 2007, Cachero filed a formal charge of discrimination regarding Defendants' unlawful conduct with the EEOC.

14.    Defendant Employers retaliated against Cachero for her opposition to the unlawful harassment and her participation in the EEOC process by subjecting her to adverse and oppressive working conditions and then falsely accusing her of violations of law and maliciously threatening her with prosecution.

15.    The effect of the practices complained of above in Paragraphs 10 - 14 has been to deprive Cachero of equal employment opportunities and to otherwise adversely affect her status as an employee because of her age and in retaliation for

her protected conduct.

16.    The unlawful employment practices complained of in Paragraphs 10 –

14 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C.

§ 626(b).


## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendants, and their officers,

successors, assigns and all persons in active concert or participation with them,

from engaging in any employment practices which discriminate on the basis of

age or from engaging in unlawful retaliation;

B.    Order Defendants to institute and carry out policies, practices and

programs which provide equal employment opportunities for individuals 40 years

of age and older, and which eradicate the effects of their past and present unlawful

employment practices;

C.    Grant a judgment requiring Defendant Employers to pay Cachero

appropriate back wages in an amount to be determined at trial, an equal sum as

liquidated damages, and prejudgment interest;

D.    Order Defendants to make Cachero whole by providing affirmative

relief necessary to eradicate the effects of their unlawful practices including, but

not limited to, payment of front pay to Cachero and/or rightful place employment;

E.     Grant such further relief as the Court deems necessary and proper in the public interest;

F.     Award the Commission its costs in this action.


## JURY DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.


Respectfully Submitted By:

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M. Street., N.E.
Washington, D.C. 20507-0100

Date: June 30, 2009                    By

ANNA Y. PARK
Regional Attorney

MICHAEL FARRELL
Supervistory Trial Attorney

LOS ANGELES DISTRICT OFFICE
255 E. Temple Street, 4th Fl.
Los Angeles, CA 90012

GREGORY L. McCLINTON
Senior Trial Attorney

HONOLULU LOCAL OFFICE
300 Ala Moana Blvd, 7-127
Honolulu, Hawaii 96850

HID 440 (AO 440)  (08/08)  Civil Summons

# UNITED STATES DISTRICT COURT

for the

District of Hawaii

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) |
| _____ | ) |
| Plaintiff | ) |
| v. | ) |
| | ) |
| | ) |
| K-MART CORPORATION; and DOES 1-10 Inclusive | ) ) |
| | ) |
| _____ | ) |
| Defendant | ) |

Civil Action No.

### Summons in a Civil Action

To: *(Defendant's name and address)*

```
K-Mart Corporation
c/o Sears Holding Corporation
3333 Beverly Road
Hoffman Estates, IL  60179
ATTN: William R, Harker, General Counsel
```

A lawsuit has been filed against you.

Within  20  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, whose name and address are:

If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Sue Beitia

Name of clerk of court

Date:  Jun 30, 2009

Deputy clerk's signature

*(Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by Rule 12(a)(3).)*

✎ HI440 (AO 440) (08/08) Civil Summons (Page 2)

## Proof of Service

I declare under penalty of perjury that I served the summons and complaint in this case on _____,
by:

    (1) personally delivering a copy of each to the individual at this place, _____

    _____; or

    (2) leaving a copy of each at the individual's dwelling or usual place of abode with _____
        who resides there and is of suitable age and discretion; or

    (3) delivering a copy of each to an agent authorized by appointment or by law to receive it whose name is
    _____; or

    (4) returning the summons unexecuted to the court clerk on _____; or

    (5) other *(specify)* _____

    _____
    _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____.

Date: _____

                                          _____
                                                   Server's signature

                                          _____
                                          Printed  name  and  title

                                          _____
                                          Server's address